

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2005

# Ruth v. Richard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2892

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ruth v. Richard" (2005). *2005 Decisions.* Paper 809.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/809

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-210                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2892
_____

ANTHONY RUTH, SR.,

Appellant

v.

HEATHER RICHARD;
COMMONWEALTH OF PENNSYLVANIA;
YORK COUNTY ADULT PROBATION DEPARTMENT;
JOHN S. KENNEDY;
WILLIAM GRAFF

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00760)
District Judge: Honorable Thomas I. Vanaskie

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2005

Before: ROTH, BARRY and SMITH, Circuit Judges

(Filed July 20, 2005)

_____

OPINION

_____

PER CURIAM

Anthony Ruth, pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). We will summarily affirm.

In 2002, Ruth pleaded guilty to possession with intent to distribute marijuana and was sentenced to twenty-three months' restricted intermediate punishment under the supervision of probation officer Dave Weigle. After four months, defendant Heather Richard replaced Weigle as Ruth's probation officer.

Ruth admitted that, while he was on probation, he thrice tested positive for illegal drugs, twice smoked marijuana and once tested at a 0.96 blood alcohol level. He was unable to obtain employment and incurred a new charge of driving while his license was suspended. Ruth also failed to appear for scheduled appointments with his probation officer. In February 2004, pursuant to Richard's petition for imposition of punishment for violating probationary conditions, Ruth was sentenced to eleven and one-half to twenty-three months' imprisonment.

In April 2004, while he was an inmate at the York County Prison, Ruth filed the instant complaint. He claimed that the defendants violated his due process rights and Sixth Amendment rights and subjected him to double jeopardy by revoking his probation and ordering him to serve time without counting the time he had spent on probation. He claims that such an action violated the terms of his plea agreement. For relief, Ruth

2

sought immediate release with a "total discharge from conviction," compensatory damages for breach of the plea agreement and punitive damages.

The District Court noted that, to the extent Ruth sought release, he was required to do so by means of a habeas petition. See 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). With respect to Ruth's claims for damages, the District Court concluded that they were legally frivolous because, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), until Ruth has had his conviction invalidated, no civil action lies for damages. The District Court further concluded that, with respect to Judge Kennedy and District Attorney Graff, even if Ruth had a cause of action, the defendants were immune from suit. The District Court, therefore dismissed Ruth's complaint pursuant to § 1915A(b)(1). Ruth timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We agree with the District Court's dismissal of Ruth's claims for the reasons discussed in the District Court's memorandum and summarized above.

Summary action is appropriate if there is no substantial question on appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we will summarily affirm the District Court's order dismissing Ruth's complaint. See Third Circuit I.O.P. 10.6.